# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 10-0281-WS |
| | ) | |
| CARLOS LADON SMITH, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on defendant's *pro se* filing styled "Motion to Reconsider / Run Remainding [*sic*] Federal Time with State Time" (doc. 111). In that Motion, defendant, Carlos Ladon Smith, seeks to have this Court modify his 18-month prison term imposed on May 24, 2012 so that his remaining federal time runs concurrently with a state sentence that he is presently serving on unrelated charges.[1]

As a general proposition, the law is clear that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).[2] In this case, the Court was not presented with the question

---

[1] The court file reflects that on February 16, 2011, Smith received a split sentence in state court for one count of receiving stolen property, second degree, consisting of 20 years confinement, 17 years suspended confinement, 3 years confinement imposed. This offense related to theft of a band saw valued at between $500 and $2,500. By contrast, Smith's offense of conviction in this federal case concerned his knowing receipt, possession, sale and disposal in June 2009 of a Ruger semi-automatic rifle that he knew to have been stolen.

[2] *See, e.g., Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2008) ("the final sentence of § 3584(a) makes the federal sentence consecutive in all unprovided-for cases"); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently."); *Heddings v. Garcia*, 2012 WL 3186477, *2 (10th Cir. Aug. 7, 2012) ("when a federal sentencing court is silent on the matter, there is a statutory presumption that multiple sentences imposed at different times – even as between sentences imposed by state and federal courts – will run consecutively"); *United States v. Martin*, 2010 WL 1253963, *3 (6th Cir. Mar. 31, 2010) (when district court is "silent with respect to whether a federal sentence should run concurrent with or consecutive to a state
(Continued)

of consecutive versus concurrent at sentencing. Accordingly, the Court did not order Smith's federal sentence to run concurrently with his state sentence at the time of his federal sentencing hearing on May 24, 2012, but was instead silent on that issue. Likewise, the Judgment and Commitment Order (doc. 102) does not reflect any judicial determination that the federal sentence should run concurrently. Thus, in the absence of an express judicial directive that the sentence be concurrent, the effect of Smith's federal sentencing proceeding was that, by operation of § 3584(a), his federal sentence would run consecutively to the state-court sentence that had previously been imposed.

Smith now seeks to have his federal sentence modified to run concurrently with the state sentence. This Court does not possess jurisdiction to grant such a substantive amendment of Smith's sentence at this time. Applicable law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35."). Smith's Motion seeks relief that goes well beyond such narrow limitations, and does not implicate Rule 35 or 18 U.S.C. § 3582(c). Indeed, the Eleventh Circuit has recently opined in analogous circumstances that a district court lacked jurisdiction under Rule 35 to modify a 50-month consecutive sentence to run concurrently. *United States v. Rodriguez*, 2012 WL 5974478, *5 (11th Cir. Nov. 30, 2012); *see also United States v. Thibodeau*, 2011 WL 4062516, *2 (M.D. Fla. Sept. 13, 2011) (where federal sentencing court was silent as to whether federal sentence would run concurrently or consecutively to state sentence, district court lacked jurisdiction under Rule 36 to make substantive amendment to sentence to provide

---

sentence," the effect of § 3584(a) is that the federal sentence runs consecutively); *Jones v. United States*, 2012 WL 2993653, *3 (D. Kan. July 20, 2012) ("when a federal Judgment and Commitment Order is silent as to the concurrent or consecutive nature of a federal sentence it is consecutive under federal law"); *Brooks v. Keller*, 2010 WL 3718829, *2 (M.D. Ala. Aug. 20, 2010) ("the statutory presumption evinces a preference for consecutive sentences when imprisonment terms are imposed at different times"); *McAlister v. Outlaw*, 2009 WL 1066104, *2 (E.D. Ark. Apr. 21, 2009) (when federal court imposes sentence and "the defendant *is already subject* to an undischarged term of imprisonment on a state charge and the court is silent, then under the statute there is a presumption that the sentences are consecutive").

that federal sentence would run concurrently); *United States v. Sarber*, 2010 WL 1558948 (D. Kan. Apr. 19, 2010) (federal district court lacks jurisdiction under Rules 35 or 36 to "clarify or amend" defendant's sentence to reflect that federal sentence was to run concurrently with state sentence).

Accordingly, this Court lacks authority to modify Smith's sentence in the manner requested. The Motion to Reconsider (doc. 111) is **denied**.[3]

DONE and ORDERED this 10th day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Insofar as Smith's Motion might be construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, the Court would lack jurisdiction to consider same because Smith alleges no facts and produces no evidence that he has exhausted his administrative remedies with the Bureau of Prisons. *See United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (finding that "a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence") (citation omitted); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").